# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIO BERNARDINO, CDCR #AG-9485,<br><br>                                   Plaintiff,<br><br>vs.<br><br>SANDOVAL, Correctional Officer; MOSLEY, Correctional Officer; GOODSON, Correctional Sergeant,<br><br>                                  Defendants. | Case No.: 3:15-cv-1143-H-BGS<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1) WITHOUT LEAVE TO AMEND** |

      Claudio Bernardino ("Plaintiff"), a prisoner currently incarcerated at the California Correctional Institution in Tehachapi, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed in forma pauperis, but has dismissed his original, first, and second amended complaints for failure to state a claim, each time with leave to amend. (Doc. Nos. 6, 16, 27.) After Plaintiff requested, and was granted four separate extensions of time, <u>see</u> Doc. Nos. 31, 34, 37, 40, but still failed to timely amend, the Court denied his fifth request for more time, as well as his subsequent motion to re-open the case. (Doc. Nos. 43, 46.) Despite the Court's order, Plaintiff submitted a third amended complaint on August 29, 2017 (Doc. No. 48).

Because he claimed prison officials prevented its timely filing, the Court provisionally granted Plaintiff leave to file his third amended complaint, but cautioned that it might, like his previous pleadings, be dismissed during screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if it still failed to state a claim, or for violating the Court's orders. (Doc. Nos. 43, 46, 49.)

Because the Court finds Plaintiff's third amended complaint suffers from the same pleading deficiencies as his previous complaints, despite his having been notified three times of those pleading problems, it now finds further amendment would be futile, and dismisses the case in its entirety.

## Background

Plaintiff continues to contend, as he did in both his original, first, and second amended complaints, that Calipatria State Prison Correctional Officers Sandoval and Mosley, under the supervision and direction of Correctional Sergeant Goodson, took longer than necessary to conduct a search of his cell on August 8, 2014, and confiscated and damaged some of his belongings, including his eyeglasses, magazines, and legal documents. (See Doc. No. 50, Third Amend. Compl. ("TAC") at 4-7, 9-11, 13-15.) Plaintiff, incarcerated for murder and kidnapping, states the Defendants did so because of a false rumor that he was a "child molester," and in "retaliation" for his having filed an "appeal" in a habeas corpus action pending in the Central District of California. (Id. at 4-5, 7, 12, 18; Bernardino v. People of the State of California, C.D. Cal. Case No. 2:13-cv-08447-BRO-JPR (Nov. 15, 2013 Petition for Writ of Habeas Corpus) (Doc. No. 1 at 2).)

## Discussion

**A.  Legal Standards for Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff remains a prisoner and is proceeding IFP, his TAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions of them, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."

Iqbal, 556 U.S. at 679. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), but it "may not supply essential elements of the claim that were not initially pled." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

**B.     Rumor and Harassment Claims**

Plaintiff continues to attribute Defendants' actions on August 8, 2014 to "derogatory remarks," and a "hidden agenda" based on "a false rumor" that he was convicted of a sex offense, and is a "child molester (not true for the record)." (Doc. No. 50 at 5; cf. Doc. No. 23 at 6.)

The Court has twice advised Plaintiff that allegations of verbal harassment and abuse by themselves fail to state a claim cognizable under 42 U.S.C. § 1983. See Doc. No. 16 at 4; Doc. No. 27 at 3-4 (citing Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), as amended, 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); Martin v. Thompson, 145 F. App'x 613 (9th Cir. 2005)). And as the Court has also previously noted, while the Ninth Circuit has held that a prisoner's classification as a sex offender may implicate a liberty interest subject to due process protection in some circumstances, see Doc. No. 27 at 4 (citing Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997); Guess v. Lopez, No. 2:13-CV-2652 AC P, 2014 WL 1883875, at *4 (E.D. Cal. May 12, 2014)), Plaintiff still does not claim to have been wrongfully classified by prison administrators as a "sex offender" pursuant to CAL. CODE REGS., tit. 15 § 3377.1(b).[1]

---

[1] Pursuant to CAL. CODE REGS., tit. 15 § 3377.1(b), "[a]n "R" suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290." These designations determine "where an inmate shall be housed and assigned, and the level of staff supervision required to ensure institutional security and public safety." Id. § 3377.1(a).

Instead, he simply continues to contend Defendants "trashed" his cell because "were convinced that the false rumors must be true." See Doc. No. 50 at 10; cf. Doc. No. 23 at 5-6, 8. Therefore, these allegations still fail to state a claim upon which § 1983 relief may be granted, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**C.  Fourteenth Amendment Deprivation of Property Claims**

Plaintiff also continues to claim, as he did in all of his previous complaints, (Doc. No. 1 at 3-4; Doc. No. 13 at 7-8, 13-14; Doc. No. 23 at 7, 14, 16), that Defendants violated his right to due process by taking "legal transcripts," a "collection of 10 magazines," and by breaking the arm of his eyeglasses during the August 8, 2014 cell search. (See Doc. No. 50 at 4-8, 13-15.)

The Court's August 27, 2015, February 2, 2016, and August 26, 2016 orders (Doc. No. 6 at 6; Doc. No. 16 at 6-7; Doc. No. 27 at 6), all made clear that where a prisoner alleges to have been deprived of a property interest caused by the unauthorized negligent or intentional acts of state officials, as Plaintiff continues to claim in his TAC, he cannot state a constitutional claim so long as the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson, 468 U.S. at 533 (1984); Sorrels v. McKee, 290 F.3d 965, 972 (9th Cir. 2002); see also Roberts v. Apker, 570 F. App'x 646, 649 (9th Cir. 2014) (if post-deprivation remedy in prison mail context is sufficient then no pre-deprivation procedures need be afforded).

Because the California Tort Claims Act provides an adequate post-deprivation state remedy for the random and unauthorized taking of personal property, and Plaintiff continues to allege his legal paperwork, magazines, and eyeglasses were either stolen or damaged as the result of Defendants Sandoval and Mosley's negligent or intentional acts, he still fails to state a due process claim upon which § 1983 relief can be granted. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); O'Neal v. Price, 531 F.3d 1146, 1148 (9th Cir. 2008).

///

5

3:15-cv-1143-H-BGS

**D.     Inadequate Medical Care / Cruel and Unusual Punishment Claims**

Plaintiff again claims Defendants violated his "right to medical care and medical appliances" when they allegedly the arm of his eyeglasses during the August 8, 2014 cell search. (Doc. No. 50 at 9; cf. Doc. No. 23 at 12.)

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 103-05 (1976)). "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" Id.

"To establish an Eighth Amendment violation, a prisoner 'must satisfy both the objective and subjective components of a two-part test.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). "To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need." Colwell, 763 F.3d at 1066. "Such a need exists if failure to treat the injury or condition 'could result in further significant injury' or cause 'the unnecessary and wanton infliction of pain.'" Id. To meet the subjective element of the standard, a plaintiff must demonstrate "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "A prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" Colwell, 763 F.3d at 1066.

Plaintiff continues to fail to allege facts sufficient to plausibly show that Defendants Sandoval, Mosely, or Goodson caused him any "injury that a reasonable doctor or patient would find important and worthy of comment or treatment," with respect to his glasses, or that his vision was so impaired that the broken arm of his eyeglasses "significantly affect[ed] [his] daily activities," or caused him "chronic and substantial pain." Id. (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other

6

grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). And as the Court noted in its August 26, 2016 order, "[w]hile severe eye injuries or legal blindness may constitute a serious medical need," the same is not true, for example, with regard to "reading glasses." Canell v. Multnomah County, 141 F. Supp. 2d 1046, 1057 (D. Or. 2001), citing Franklin v. State of Oregon, 662 F.2d 1337 (9th Cir. 1981); McMillen v. Fairman, 1997 WL 603853 *3 (N.D. Ill. 1997) (some discomfort suffered as a result of broken eyeglasses not being replaced insufficient to demonstrate a serious medical need); see also Morales v. California Forensic Med. Grp., Inc., No. CIV S 09-3610 GGH P, 2010 WL 1404762, at *2 (E.D. Cal. Apr. 6, 2010) (dismissing prisoner's claims of "blurry vision and irritation of un-focused sight" due to lack of corrective eyewear for failing to state an Eighth Amendment claim under § 1915A(b)).

Therefore, the Court finds Plaintiff's medical care claims, as alleged in his TAC, continue to fail to state an Eighth Amendment claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

**E.      First Amendment Access to Courts Claims**

Plaintiff also re-asserts claims that Mosley and Sandoval "stole" his "legal transcripts" including a respondent's brief, reply brief, and a copy of a California Court of Appeal opinion in "Case No. B231949," which had been lodged as part of the record in a habeas corpus proceeding Plaintiff was litigating pro se in the Central District of California, and identified as Case No. 2:13-cv-8447-BRO-JPR, and through which he was "trying to enforce his right on a 'Chui' claim." (Doc. No. 50 at 4-5, 12.) Plaintiff claims Defendants confiscated these legal documents on August 8, 2014, in an effort to "prevent [him] from prosecuting [his] appeal, research the law library, [and to] prepar[e] all legal papers for filing with the courts." Id. at 10, 16; cf. Doc. No. 23 at 6, 8-11.[2]

---

[2] In People v. Chiu, the California Supreme Court held: "[An] aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine. Rather, his or her liability for that crime must be based on direct aiding and abetting principles." 59 Cal.4th 155 at 158-59 (Cal. 2014).

7

As the Court noted in all three of its previous orders, (Doc. No. 6 at 7-8; Doc. No. 16 at 7-8; Doc. No. 23 at 8-10), Plaintiff is correct to note he enjoys a constitutional right to access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). This right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

However, as the Court also explained in its August 27, 2015, February 2, 2016, and August 26, 2016 orders (Doc. No. 6 at 7-8; Doc. No. 16 at 7-8; Doc. No. 23 at 8-10), Plaintiff must allege an "actual injury" as a threshold requirement to any access to courts claim. See Lewis, 518 U.S. at 351-53; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting Lewis, 518 U.S. at 353).

Plaintiff's TAC, like his original, first, and second amended complaints, still fails to allege the actual injury required to state an access to courts claim. See Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. Specifically, Plaintiff fails to include any "factual matter" to show how or why the loss of his transcripts resulted in any "actual prejudice with respect to [his] existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Jones, 393 F.3d at 936; Iqbal, 556 U.S. at 678.

The Court again takes judicial notice of the docket in Bernardino v. People of the State of California, C.D. Cal. Case No. 2:13-cv-08447-BRO-JPR, the habeas corpus proceeding upon which Plaintiff's access to courts claim is based, (see Doc. No. 50 at 4;

Doc. No. 23 at 6), and which he first filed in the Central District, while proceeding pro se in November 2013, and pursuant to 28 U.S.C. § 2254. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)). That proceeding was still pending before the Central District on February 2, 2016, and on August 26, 2016, when this Court dismissed Plaintiff's first and second amended complaints (Doc. No. 16 at 8; Doc. No. 23 at 9-10), and it remains pending in the Central District today.

In fact, the Central District's docket shows that the court appointed counsel for Plaintiff in his habeas case and ordered the matter stayed so that he could exhaust state court judicial remedies in light of the California Supreme Court's intervening decision in People v. Chiu, 59 Cal. 4th 155 (2014).[3] See Bernardino v. California, C.D. Cal. Case No. 2:13-cv-08447-BRO-JPR (May 22, 2015 Order Granting Petitioner's Alternative Request for Appointment of Counsel) (Doc. No. 33); (Aug. 5, 2015 Order Staying Proceedings Until Resolution of State Habeas Petition Exhausting Chiu Claim) (Doc. No. 38); (July 1, 2016 Status Update Regarding Filing of Petition in State Court) (Doc. No. 46 at 2) ("On November 4, 2015, Bernardino, through counsel, filed his petition for writ of habeas corpus in the California Supreme Court, raising his claim based upon that Court's decision in People v. Chiu, 59 Cal. 4th 144 (2014). On January 27, 2016, the California Supreme Court ordered respondent to file an informal response. Respondent filed his informal response on

---

[3] In fact, the Central District appointed counsel in Plaintiff's habeas proceedings after granting him two extensions of time in which to file a Response to *Respondent's* Motion to Stay the case in light of People v. Chiu, and after he claimed he lacked access to his "legal transcripts." See Bernardino v. People of the State of California, C.D. Cal. Case No. 2:13-cv-08447-BRO-JPR (Doc. Nos. 20, 25, 29, 32, 33). This appointment was, of course, within the discretion of the court, for there is no constitutional right to counsel in a habeas case. Coleman v. Thompson, 501 U.S. 722, 755 (1991); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel [i]n habeas [proceedings]."); Gant v. Barnes, No. CV 14-2618-CJC (SP), 2017 WL 3822063, at *8 (C.D. Cal. July 19, 2017), report and recommendation adopted, No. CV 14-2618-CJC (SP), 2017 WL 3738384 (C.D. Cal. Aug. 28, 2017).

April 11, 2016. Petitioner filed his reply to the informal response on June 29, 2016."); see also (August 17, 2017 Status Update Regarding Petition Filed in States Court) (Doc. No. 62 at 2) ("The state-court petition remains pending.").

Because proceedings in Plaintiff's federal habeas action in Bernardino v. People of the State of California, C.D. Cal. Case No. 2:13-cv-08447-BRO-JPR have been and remain stayed in the Central District pending exhaustion of his Chui claims at the California Supreme Court, he still fails to allege any injury related to the loss of his legal transcripts or any "actual prejudice with respect to [his] existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. Thus, the Court again dismisses Plaintiff's access to courts claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). See Lopez, 203 F.3d at 1126-27; Rhodes, 621 F.3d at 1004.

## F. Defendant Goodson

Finally, the Court notes that while Plaintiff's claims against Sergeant Goodson were initially dismissed on respondeat superior grounds, (Doc. No. 16 at 4-6), and later dismissed because Plaintiff failed to allege facts sufficient to show that Goodson engaged in any conspiracy with Defendants Sandoval and Mosley to violate his First, Eighth, or Fourteenth Amendment rights, see Doc. No. 27 at 10-11, the TAC fails to include Goodson in his list of intended parties altogether. See Doc. No. 50 at 1-3. In fact, Plaintiff's TAC mentions Goodson only once: Plaintiff claims he spoke with "Sgt. Goodson to show him the condition of [his] glasses as well as the shape of [his] cell." (Doc. No. 50 at 9).

This allegation by itself, however, clearly fails to support any plausible claim for relief as to Sgt. Goodson upon which § 1983 relief may be granted. See Iqbal, 556 U.S. at 676 ("[A] plaintiff [in a § 1983 action] must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Paine v. City of Lompoc, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim); see also Singleton v. Kernan, No. 3:16-CV-2462-BAS-NLS, 2017 WL 4021536, at *6 (S.D. Cal. Sept. 12, 2017) ("Even a pro se plaintiff must 'allege with at

least some degree of particularity overt acts which defendants engaged in' in order to state a claim) (quoting Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984)).

## **Conclusion**

For the reasons discussed, the Court dismisses Plaintiff's third amended complaint in its entirety for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), denies leave to further amend, see Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."), and directs the Clerk of Court to close the file.

IT IS SO ORDERED.

Dated: October 3, 2017

Hon. Marilyn L. Huff
United States District Judge